# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LISA R. YANCEY,**
        **Plaintiff,**

    v.                                                               Case No. 08C0741

**GRAY & END ASSOCIATES, et al.**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Lisa R. Yancey, proceeding pro se, has filed this action against several defendants: law firm Gray & End Associates, Washington Mutual, Quantum Service Company, Judge Elsa C. Lamelas, Judge Pamela Pepper, Judge John DiMotto, Judge Charles Clevert, Judge Charles Kahn, Chapter 13 Trustee Mary B. Grossman, and Attorney Helen Ludwig. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. U.S. Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. See West v. Macht, 986 F.Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action,

without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff indicates that she has approximately $25.00 in a checking account, and that she has a medical condition preventing her from working and earning income.[1] Thus, I will permit plaintiff to proceed without payment of fees.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

---

[1] Plaintiff states that she owns a home worth $240,000, but also states she is living in a shelter. Perhaps the home she refers to is the one referenced in her complaint as the home that was sold, but, regardless, given her lack of monetary assets, income, and ability to work, I conclude that she is unable to prepay the filing fee.

2

P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

> Plaintiff alleges as follows:
>
> Gray & End Associates sold my property on behalf of Washington Mutual and Quantum Service Co. after being notified of a Chapter 13 bankruptcy w/the automatic stay filed on 1/10/07 and submitted to their office on 1/12/07 and notified by telephone. They continue to violate my property ownership rights at 1677 W. Galena St., Milwaukee, WI 53205.
> Consequently, no legal judge in the Federal Courts has decided fairly or legally to issue a penalty or judgment against the defendant. All the defendants listed have not acted against the issue at present, or during the time necessary to do so. They're all Fraud.

(Compl. at p. 3.) It is clear that plaintiff is alleging that the creditors Gray & End, Washington Mutual and Quantum Service Co. willfully violated the automatic stay in bankruptcy, 11 U.S.C. § 362. This states a claim upon which relief may be granted, id. § 362(k) ; Price v. Rouchford, 947 F.2d 829, 831-32 (7th Cir. 1991), and therefore plaintiff will be allowed to proceed on such claim. However, my preliminary determination that plaintiff has stated a claim for violation of the automatic stay – which is necessarily based on a liberal construction of plaintiff's complaint and made without the benefit of briefing from defendants – should not be interpreted as precluding defendants from bringing any appropriate motion to dismiss the complaint or motion for judgment on the pleadings. In

3

this regard, I note that the second paragraph of plaintiff's statement of claim indicates that she may have already litigated her claim as part of her bankruptcy proceedings; thus, it may be that plaintiff's claim is barred by claim or issue preclusion. However, because I have little information about the history of plaintiff's claim and because preclusion is an affirmative defense, Fed. R. Civ. P. 8(c)(1) (listing "res judicata" as affirmative defense), I leave preclusion as an issue to be address in future proceedings, if necessary.

Although plaintiff has stated a claim for violation of the automatic stay against defendants Gray & End, Washington Mutual, and Quantum Service Co., she has stated no claim against the remaining defendants. Most of the remaining defendants are state and federal judges who are probably entitled to absolute immunity. In any event, because plaintiff has not alleged any viable claim against the remaining defendants, they will be dismissed from this suit.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED** from this action: Elsa Lamelas, Pamela Pepper, John DiMotto, Charles N. Clevert, Charles F. Kahn, Mary B. Grossman, and Helen Ludwig.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the remaining defendants: Gray & End, Washington Mutual, and Quantum Service Co. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current

fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**Note to plaintiff:** Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed in this action, and all of plaintiff's future filings must include a certificate of service in which plaintiff states that she has served copies of the filing on defendants or their attorneys. Although plaintiff states that she cannot afford to make copies, the court will not make copies for her. If plaintiff cannot afford to pay for photocopies, she must copy her filings by hand. The court will summarily reject any filing that does not include the required certificate of service stating that copies have been provided to defendants.

Dated at Milwaukee, Wisconsin this 10 day of September, 2008.

/s
LYNN ADELMAN
District Judge