# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA R. YANCEY,**
    **Plaintiff,**

    v.                                    Case No. 08C0741

**GRAY & END ASSOCIATES, et al.**
    **Defendants.**

## DECISION AND ORDER

Plaintiff Lisa R. Yancey, proceeding pro se, originally filed this action against a multitude of defendants, including several state and federal judges.[1] In an order dated September 10, 2008, I granted plaintiff's petition to proceed in forma pauperis and dismissed a number of defendants. I also made a preliminary determination that plaintiff had stated a claim for violation of the automatic stay in bankruptcy, see 11 U.S.C. § 362, against the remaining defendants – the law firm Gray & Associates LLP (identified as "Gray & End Associates" in the complaint), Washington Mutual Bank, and Quantum Service Company. Washington Mutual and Gray & Associates have now moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

The complaint alleges as follows:

> Gray & End Associates sold my property on behalf of Washington Mutual and Quantum Service Co. after being notified of a Chapter 13 bankruptcy w/the automatic stay filed on 1/10/07 and submitted to their office on 1/12/07 and notified by telephone. They continue to violate my property ownership rights at 1677 W. Galena St., Milwaukee, WI 53205.

---

[1] After plaintiff filed the present case, Judge Clevert of this court found that plaintiff had filed numerous frivolous lawsuits in this District and issued an order prohibiting plaintiff from filing any further actions in forma pauperis. See November 8, 2008 Order in E.D. Wis. Case No. 08-C-0968.

> Consequently, no legal judge in the Federal Courts has decided fairly or legally to issue a penalty or judgment against the defendant. All the defendants listed have not acted against the issue at present, or during the time necessary to do so. They're all Fraud.

(Compl. at p. 3.) In my prior order, I determined that these allegations state a claim that the remaining defendants willfully violated the automatic stay in bankruptcy by selling plaintiff's property while the automatic stay was in effect. 11 U.S.C. § 362(k); Price v. Rouchford, 947 F.2d 829, 831-32 (7th Cir. 1991).

Along with their motion to dismiss, defendants filed an affidavit showing that although plaintiff filed a bankruptcy petition under Chapter 13 before defendants sold her property at a sheriff's sale, the bankruptcy court subsequently annulled the automatic stay and retroactively validated the sheriff's sale.[2] (Zablocki Aff. Ex. B.) Plaintiff did not appeal the bankruptcy court's ruling. Instead, she brought this and other collateral actions, in which she attempts to undo the bankruptcy court's order annulling the automatic stay and validating the sale. However, issue preclusion (also known as collateral estoppel) bars plaintiff from relitigating an issue that has already been finally determined against her in a prior action. See, e.g., H-D Michigan, Inc. v. Top Quality Serv., Inc., 496 F.3d 755, 760 (7th Cir. 2007) (stating elements of issue preclusion). Because the bankruptcy court has already finally determined that plaintiffs' creditors did not cause the sale of plaintiff's property in violation of the automatic stay, plaintiff's claims in the present action are barred

---

[2]Although a court normally may not consider affidavits or other matters outside the pleadings when resolving a motion to dismiss for failure to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(d), a court can take judicial notice of documents in the public record, including the decisions of other state and federal courts, without converting the motion to dismiss into one for summary judgment. See, e.g., Pugh v. Tribune Co., 521 F.3d 686, 691 n.2 (7th Cir. 2008); Opoka v. Immigration & Nationalization Serv., 94 F.3d 392, 394-95 (7th Cir. 1996).

2

by issue preclusion. Therefore, defendants' motion to dismiss will be granted, and final judgment shall be entered against plaintiff.³

Plaintiff also filed a motion to appoint counsel. However, her motion is simply one sentence in which she says that she is requesting counsel. She has given me no indication that she has made any efforts to obtain counsel on her own. Litigants must make reasonable efforts to obtain counsel on their own before the court will attempt to recruit counsel for them, and for this reason plaintiff's motion is denied. See, e.g., Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). In any event, it is clear that issue preclusion bars plaintiff's claim and that therefore the presence of counsel would not make a difference.

Finally, in recognition of Judge Clevert's order barring plaintiff from filing additional actions in this district in forma pauperis, I find that any appeal from my decision would not be taken in good faith. The subject matter of the present case is exactly the same as the prior cases that were found to be frivolous – namely, the foreclosure and sale of plaintiff's property. As in the other cases, plaintiff initially sued several state and federal judges, who I then dismissed based on judicial immunity and failure to state a claim. Obviously, this case is just one more in the series of plaintiff's frivolous lawsuits, in which she continues her collateral attack on the decisions of the bankruptcy court. Therefore, although I originally permitted plaintiff to proceed in forma pauperis, having since learned about

---

³Technically, issue preclusion is an affirmative defense and thus not normally grounds for dismissing a complaint. However, where it is clear that an affirmative defense will defeat a claim and that no amendment to the pleadings could save it, a court may take the short-cut of dismissing the complaint under Fed. R. Civ. P. 12(b)(6). Mosely v. Bd. of Educ. of the City of Chicago, 434 F.3d 527, 533 (7th Cir. 2006).

3

plaintiff's history of frivolous lawsuits and that her claims are clearly barred by issue preclusion, I find that I must deter any future frivolous filings. Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), I hereby certify that any appeal from this order would not be taken in good faith. This means that plaintiff cannot appeal this order in forma pauperis unless she obtains permission to do so from the court of appeals.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**. The clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

**FINALLY,** I hereby **CERTIFY** that any appeal from this order would not be taken in good faith.

Dated at Milwaukee, Wisconsin this 23 day of March, 2009.

/s
LYNN ADELMAN
District Judge